## COX *v.* COX.

1. One who marries a woman whom he knows to be pregnant, for no other reason than to prevent a prosecution for the offense of seduction, can not assert that the marriage was induced by fraud or duress.
2. An allegation in an action for divorce brought by the husband against the wife, based upon the ground of cruel treatment, to the effect that his wife had cursed and abused him and stated to him that a child begotten prior to the marriage was not the child of petitioner but of another man, fails to set forth an amendable ground of divorce, where it further appears from the allegations of the petition that the husband has never lived with the wife and never intends to live with her, and that the marriage was entered into solely for the purpose of avoiding a criminal prosecution. The term "cruel treatment," as used in the Code with reference to divorce, applies only to such conduct as would render the state of living together as man and wife in some respect unsafe for the petitioner, and has no application to a status where the married pair have never lived together and in which a state of living together as man and wife is not contemplated.

No. 4366. February 21, 1925.

Libel for divorce. Before Judge Ellis. Fulton superior court. April 25, 1924.

*D. K. Johnston,* for plaintiff.

*W. O. Slate, J. A. Miller,* and *J. M. Hunt,* for defendant.

Russell, C. J. Alfred L. Cox filed a petition on Dec. 12th, 1922, praying that he be granted a total divorce from Berma B. Cox. The petition alleges that on April 30th, 1922, the defendant, who resided in Polk county, came to Atlanta, bringing a warrant charging petitioner with seduction, under which he was arrested and placed in the police station of the City of Atlanta; that defendand then and there charged petitioner with being the father of a child with which she was pregnant, and told petitioner that if he would marry her she would dismiss the warrant, and that if he did not marry her she would put him in the penitentiary and would bring about his discharge from the position which he held; that, be-

ing inexperienced and afraid and apprehensive concerning his posi-
tion, having to care for his aged parents, petitioner consented to and
did contract marriage with the defendant under these conditions;
that petitioner has ever since refused to live with defendant; that on
June 20th, 1922, a child was born to defendant, and petitioner has
since cared for and supported the defendant and her child; that de-
fendant has abused petitioner, has cursed him, and threatened
to have him discharged from his employment; that she has admitted
to him that he is not the father of her child, and that she had been
intimate with men prior to the marriage which she forced upon
petitioner; that petitioner did not consent to the marriage, and
that the same was brought about in the desperation of defendant,
through threats and duress.   The case came on for hearing, and the
defendant orally moved the dismissal of the petition upon the
ground that it did not set forth a cause of action.   The court sus-
tained the motion and dismissed the petition.   The bill of excep-
tions recites that petitioner "then and there asked leave of the
court to amend his declaration, and moved the court to pass an
order allowing plaintiff to amend, and time within which to amend,
which motion the court then and there refused, and passed an order
dismissing said declaration without leave to amend, on the ground
that there was nothing in the original petition to amend by."
Error is assigned upon the action of the court in dismissing the
petition, and in "refusing to allow plaintiff to amend his declara-
tion and refusing to pass an order allowing plaintiff time within
which to amend his declaration or to tender an amendment,   .   .
because in the absence of a timely special demurrer said declara-
tion set forth a cause of action and   .   .   contained enough to
amend by."   The record does not contain anything indicating the
basis of the proposed amendment to the petition.   The judgment
of the court recites merely that "on motion of defendant's attorney,
and after argument of counsel, said case is hereby dismissed as
setting out no cause of action."

We are of the opinion that the petition for divorce in this case
was properly dismissed upon mere oral motion.   We bear in mind
the rule which prescribes, as the test of the ability of a petition to
withstand an oral motion to strike, or general demurrer, the re-
quirement that the defendant admit every allegation of the peti-
tion to be true, with the consequent penalty that if by this admission

the defendant.is exposed to any liability whatever the petition will be amendable and not subject to be stricken. Viewing the case most favorably to the petitioner, a divorce is sought upon two ground: first, because the marriage contract was induced by fraud and duress; and second, upon the ground of cruel treatment subsequent to the marriage. If the petition was amendable as to either branch of the case, the trial judge erred in sustaining the motion to strike.

1. The allegations of the petition entirely failed to show either fraud or duress so as to avoid. the subsequent marriage. One can not be defrauded unless he is deceived to his injury. Duress will never be said to exist where two different courses of action are presented to the person who claims he was put in fear and he has free option to make a choice. According to the allegations of the petition, the defendant swore out a warrant charging petitioner with the offense of seduction, and had him placed in jail, and told him that he would be prosecuted and convicted unless he married her. The plaintiff states no facts, and none could be stated, to qualify the situation disclosed by the petition. At the time and under the circumstances stated by him, he was in no physical danger. The alternative presented him the right to have a trial before a jury of his peers; and if innocent, he should have been acquitted. No threat was made except to submit to petitioner the danger of conviction; and if he was conscious of his innocence, he should have been willing to stand trial. Mere threats can not constitute duress. Was there any fraud? The petition states that the defendant stated that he was the father of the child with which she was pregnant. If the plaintiff knew that this was true, he was certainly not defrauded. He did know that she was pregnant, whether the unborn child was his, or the fruit of illicit commerce upon the part of the defendant with some other man. He knew all the facts. He knew the uncertainties, if any existed, as to the paternity of the child. For ordinarily a man may doubt the chastity of a female who, though unmarried, is pregnant. He states that for reasons sufficient to himself—and for his own convenience—he consented to marry the defendant. It is very plain there was neither fraud nor duress in the legal acceptation of those terms.

2. Did the petition set forth cause for divorce on the ground of cruel treatment? The petition alleges that petitioner has never

since the performance of the marriage ceremony lived with the defendant, and that he does not intend to live with her, though he has supported both the mother and child. He alleges that she has cursed and abused him, and has told him that the child with which she was pregnant, with petitioner's knowledge, at the time of the marriage ceremony, is not his but the child of another. There is no allegation such as is required in *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878); *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825); *Stoner* v. *Stoner,* 134 *Ga.* 369 (67 S. E. 1030); *Miller* v. *Miller,* 139 *Ga.* 282 (77 S. E. 21); *Ford* v. *Ford,* 146 *Ga.* 164 (91 S. E. 42), and numerous other cases which could be cited. The statements made would not justify an apprehension of danger to life, limb, or health. The statute, so far as it relates to cruel treatment as a ground of divorce, has no reference to cases where the married pair have never lived together. It would seem that, even under the most liberal rulings of this court upon the subject of cruel treatment, the acts of cruelty must be such as to make the petitioner's life miserable and unhappy; and even this slight degree of cruelty could not affect the safety or health of the husband who did not live, had not lived, and never expected to live with the wife. A statement on the part of a wife that after the marriage she had been guilty of adultery with others might make a grave case of cruel treatment. But where a man marries a woman with knowledge of her pregnancy, she stating to him before the marriage that the child with whom she was pregnant was his own, in order to induce the marriage, and he, not to repair the wrong and save her name (an act which might be commended), but merely to avoid a prosecution, marries her, a statement by her after marriage that the child with whom she was pregnant at the time of the marriage was not his but the result of illicit intercourse with another man, is not such cruel treatment as would necessarily or even ordinarily affect the health of the husband. We think the defendant could have admitted to be true every statement made in the petition; and that, treating the petition as a whole, it not only failed to set forth a case of cruel treatment authorizing a divorce, but the statement that the parties had never lived together and would not live together rendered the allegations as to that ground incapable of amendment. Necessarily the cruel treatment referred to by the law has reference to such acts as render impossible marital cohabita-

55

tion and the performance of those loving attentions and services—the moral as well as legal duties—which inhere in or follow from the relation; and none of these can be exercised, or are required, where the parties do not intend to live together. "Cruel treatment," as the term is used in connection with the marital relation, can not coexist with continual absence of one of the marital pair from the other.　*Judgment affirmed.　All the Justices concur.*