## BROWN *v.* BROWN.

1. Cruel treatment as a ground of divorce is "the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb or health. . . The intention to wound is a necessary element of the cruel treatment for which a divorce is allowed."
2. Where acts of cruelty have been condoned by subsequent cohabitation, such acts will not be revived as a ground for divorce, except by fresh acts of cruelty.

Submitted July 1,—Decided August 12, 1907.·

Libel for divorce. Before Judge Spence. Turner superior court. September 10, 1906.

Sarah Brown filed her libel for divorce against her husband, W. O. Brown, on the ground of cruel treatment. In support of her allegations the libellant testified: "I and the defendant, W. O. Brown, have both been residents of Wilcox county three years before the filing of suit. I married W. O. Brown on the 16th day of July, 1903, and lived with him until the 19th day of May, 1905, at which time we separated. During the time that we lived together I performed, on my part, all the duties incident to the marital relation. During the time that we lived together W. O. Brown was strong and healthy and able to work, and could have secured remunerative work, but he worked very little, and failed to provide reasonable food and clothing and other necessaries of life for me during the continuance of marital relation. He cursed at me several times, and on two occasions prior to our

separation he threatened to strike and whip me. The first time was a year or more before our separation. I was in the house and he was on the outside when he, while in the yard, said he would whip me, and he then came into the room, but did not strike me, and said nothing more. He said while out in the yard he was going to whip me and leave the country. By·reason of his threat towards me I was apprehensive that he would strike me, but he didn't do so. I continued to live with W. O. Brown as his wife, nothwithstanding his treatment of me, believing that he would reform his conduct; but becoming convinced that there would be no reformation, I separated from him on May 19th, 1905, and have not since lived with him as his wife. W. O. Brown had no property when the libel for divorce was filed, nor did I." At the conclusion of her testimony the court granted a nonsuit, and she excepted.

*Hal Lawson,* for plaintiff.

EVANS, J. (After stating the facts.) In the case of *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), Candler, J., after a very lucid discussion and analysis of the prior adjudications of this court, defined cruel treatment within the meaning of the Civil Code, §2427, which provides. that such treatment shall be a ground for divorce, to be "the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. . . The intention to wound is a necessary element of the cruel treatment for which a divorce is allowed." The majority of the court concurred in this exposition of the meaning of the term, "cruel treatment," as used in our divorce statute. While the writer was upon the superior-court bench, he observed a tendency to extend and apply this ground for divorce to many trivial circumstances happening in the domestic relation as sufficient to dissolve the marital tie. Slight disagreements, and words inspired by transitory temper, were never intended by the statute as cause for setting aside a marriage contract. The testimony of the plaintiff shows her husband was not a very industrious man, and he may not have provided her with what she considered a reasonable support. About a year before the separation he cursed libellant, and threatened to whip her. That she considered this threat to be a mere exhibition of temper; and that no bodily harm

was apprehended, is shown by her remaining with him for a year thereafter. No immediate provocation was given for the separation; and when the libellant formulated her grounds for divorce she seized upon a sally of temper, which had been condoned by a year's cohabitation. Condonation is a conditional forgiveness of all antecedent acts of cruelty, and such acts as may have been condoned will not be revived except by fresh acts of cruelty. *Odom* v. *Odom, 36 Ga.* 286. What constitutes cruel treatment in the meaning of the law is a question of law for the court. *Gholston* v. *Gholston, 31 Ga.* 628. So important to society and the moral tone of a community is the preservation of the relation voluntarily entered into by husband and wife, that judges should not permit a severance of that relation where the testimony fails to show that the complaining party is entitled to a divorce under a ground recognized by law. Indeed the statute makes it the duty of the judge to see that the grounds are legal, and sustained by proof. Civil Code, §2455. In this case the testimony did not make a case of cruel treatment as defined in *Ring* v. *Ring,* and a nonsuit was properly granted.

> *Judgment affirmed. All the Justices concur.*