### STONER *v.* STONER.

LUMPKIN, J. 1. It was held by this court in *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), that "cruel treatment," within the meaning of Civil Code, §2427, which provides that such treatment shall be a ground for divorce, is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehen-

sion of danger to life, limb, or health.  *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825).

2. In the case at bar, the evidence showed some petulance, rudeness, and occasional sallies of passion, but not such cruelty as measures up to the definition above stated.  The only specific acts of misconduct during sickness were shown to have occurred three or four years before the suit was brought, and the parties continued to live together thereafter as husband and wife until the day on which the suit was brought.  *Brown* v. *Brown,* supra.

3. For a husband to sell his property and prepare to leave his wife unprovided for does not constitute such conduct as to revive condoned acts of cruelty, if any existed three or four years previously.

4. Where prayers for temporary and permanent alimony are not based on the ground that parties are living in a bona fide state of separation, but are incidental to a suit for divorce, on failure to make out a prima facie case a nonsuit will be awarded; and when this is done, it carries with it the prayers for alimony.

5. If one verdict in a divorce case was rendered in favor of the plaintiff, this would not affect the ruling above stated, where a total divorce was sought, and the case came on for a trial in the effort to obtain the second verdict necessary under the statute.

6. A request to require additional portions of the record to be transmitted to this court, when they could not affect the case and are not material to its adjudication, will be denied.

*Judgment affirmed.  All the Justices concur.*

APRIL 18, 1910.

Divorce, etc.  Before Judge Whipple.  Ben Hill superior court. April 9, 1909.

Mrs. Florence P. Stoner filed her petition for divorce and for temporary and permanent alimony against Ezra Stoner.  The ground on which the divorce was sought was cruel treatment.  On the trial the plaintiff testified:  Stoner and the plaintiff moved to Fitzgerald about 1902, and lived together as husband and wife until the ninth day of May, 1907.  His treatment of her "was cruel in the extreme."  He furnished her no wearing apparel, and only the plain necessities of life, frequently taunting her with being a pauper, and never going out with her.  Just before the petition was filed he told her he was going to sell all his property and leave, without leaving her a house or home or anything to live on.  He refused to buy her ice, medicine, or delicacies for her, and once when she was sick he refused to send for a physician for her.  The doctor "would not come if my husband sent for him, because he would not pay his bills."  She did not suffer for want of attention. The doctor gave her all the medical attention she needed when she was sick, and

24

her neighbors gave her all the other attention she needed. When her neighbors would send her in something to eat, he would complain and quarrel with her about it, and frequently threw it out of doors. The defendant prepared to leave the State, to abandon her and leave her destitute. He had sold the home and real estate when the petition against him was filed, and had gone to the depot to take the train when he was served with the petition. Upon being served he remained over until the next day and then left. Plaintiff is fifty-six years of age, in bad health, and dependent upon her own exertions for support. Her husband is sixty-five years old. She sells toilet articles "and such," and makes a living in this way. Her husband is a carpenter by trade, hale and hearty, and, when he would work, is able to earn from two to two and a half dollars per day. He is a Federal pensioner, and receives $12.50 per month as a pension. It has been about four years since plaintiff was sick, and up to the time the defendant was served with the petition they had lived on as husband and wife, and she only left the house that night when he returned. She has always discharged her full duty as a faithful wife. The acts of cruelty complained of were mostly committed about three years before the separation, and they continued to live together as husband and wife, no separation occurring until the day the suit was brought. He never inflicted upon her any bodily harm, nor was she afraid any would be inflicted. She was not afraid of him in any way.

Mrs. Stephens testified for the plaintiff as follows: She knew Mr. and Mrs. Stoner and was with Mrs. Stoner frequently. At the time she was sick her husband refused to call in a physician, although he knew she was sick and required one. He refused to get her ice, medicine, or any delicacies such as a sick person needs. His treatment of her was "inhuman and cruel." He would show her no attention at all. Her friends would send her little delicacies to eat, suitable for a sick person, and her husband would become mad and frequently "take the dishes and throw it out in the yard." After this occurred they lived together as man and wife until the suit was filed.

At the close of the evidence, on motion, the court granted a nonsuit, and the plaintiff excepted.

*Eason & Bull,* for plaintiff.

*J. B. Wall,* for defendant.