## BLACK *v.* BLACK.

FISH, C. J. Temporary alimony, in a given amount, to be paid at stated intervals, was granted in a suit for divorce brought by a wife against her husband, wherein there were prayers for permanent and temporary alimony. On the first trial of the action a verdict was rendered in favor of the wife for a total divorce and permanent alimony for herself and the minor child of the parties, for stated sums. The husband's motion for a new trial was overruled, and on review by the Supreme Court the judgment of the trial judge was reversed on the ground that "the evidence failed to show a case of cruel treatment which authorized the grant of a divorce on that ground." The verdict for a divorce and permanent alimony was thereupon set aside, resulting in the grant of a new trial to the husband, "without prejudice to the right of the plaintiff, while living in a bona fide state of separation, to prosecute her suit for permanent alimony." *Black* v. *Black*, 149 *Ga.* 506 (101 S. E. 182). The husband continued to pay the temporary alimony as ordered, until the rendition of the decision of the Supreme Court; but immediately thereafter he refused to make further payment. Thereupon, at the instance of the wife, a rule nisi was issued against him, to show cause why he should not be adjudged in contempt for refusing to pay the temporary alimony. His attorney at law, who had represented him in all the former proceedings, duly acknowledged service for him on the rule nisi, waiving all further service, and answered the rule by setting up that the decision of the Supreme Court, setting aside the verdict for a divorce and permanent alimony because not authorized by the evidence on the trial, had the effect of rescinding the order for temporary alimony, and praying that the court should so hold and discharge the rule. At the hearing on the rule the respondent's counsel answered ready, and the case was heard on an agreed statement of facts embodying in substance what

is above set forth. The judge held the respondent to be in contempt, and made the rule absolute. Respondent excepted to the judgment, on grounds substantially as follows: (1) That as temporary alimony was found in the suit for divorce, the order granting it was, in effect, "annulled and rescinded" by the decision of the Supreme Court holding that the verdict for divorce and permanent alimony was not authorized by the evidence submitted on the trial in the divorce suit." (2) "That respondent has never been served as provided by law in cases of this kind, and that he was not in court as he should have been in cases of this kind, for the judgment as above mentioned to have been rendered against him legally." *Held*:

1. The order granting temporary alimony continued in force pending the suit for divorce, unless expressly modified or rescinded by the court. *Holleman* v. *Holleman,* 69 *Ga.* 676; *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61). The granting of a new trial in the action for divorce did not finally dispose of the case. There is nothing in *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030), in conflict with the ruling here made. There the prayer for temporary alimony was incidental to a suit for divorce wherein a nonsuit was granted, which was a final disposition of the case, and of course carried with it the prayers for alimony.

2. The respondent was bound by the acknowledgment by his counsel of service of the rule, his answer to the same, and his announcement of ready at the hearing. No reason appears why the respondent was absent.

*Judgment affirmed. All the Justices concur.*

No. 2070. NOVEMBER 11, 1920.

Attachment for contempt. Before Judge Kent. Laurens superior court. April 17, 1920.

*W. A. Dampier,* for plaintiff in error.

*J. S. Adams* and *R. Earl Camp,* contra.