## SKELLIE *v*. SKELLIE.

1. Cruel treatment within the meaning of the Civil Code, § 2946, relating to discretionary grounds for divorce is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies the apprehension of danger to life, limb, or health. And in charging upon this subject the court should not omit reference to the element of wilfulness in the offense against the complaining party, nor fail to instruct the jury that it must be such as reasonably justifies the apprehension of the injuries referred to.
2. A charge, though erroneous, if favorable to the complaining party, is not cause for the grant of a new trial.
3. The charge of the court, stating to the jury that there was a great deal of feeling on the part of the parties in this case, was in violation of the inhibition contained in section 4863 of the Civil Code, relating to the expression of opinion by the judge on the facts of a case.
4. An exception to the ruling of the court in refusing to permit the defendant in the court below to testify as to the conduct of the other party, which does not indicate, except by a reference to the pleadings and other parts of the record, what would have been his testimony, is not sufficient to raise a question for decision here.
5. The ground containing an assignment of error upon the refusal of written requests to charge is incomplete, and fails to show what requests were submitted to the court.

No. 2684. FEBRUARY 17, 1922.

Divorce. Before Judge Malcolm D. Jones. Houston superior court. May 25, 1921.

*R. N. Holtzclaw,* for plaintiff in error.

*Hatcher & Smith,* contra.

BECK, P. J. Rochelle C. Skellie brought an action for divorce against William A. Skellie, alleging cruel treatment as a ground therefor, and showing that this cruel treatment consisted of actual violence and blows dealt by defendant toward and upon the plaintiff shortly after the separation of the parties and before an action for divorce was instituted; silent, morose, and sullen conduct on the

part of the defendant for a period of twelve years prior to the separation; absenting himself from home during the serious illness of two of their children; and other acts alleged to be cruel treatment. It was also averred that wilful acts and threatened acts of violence on the part of defendant caused petitioner great suffering in mind and body; so that she feared and still fears for her life and health. The respondent answered the suit, and prayed that a divorce be denied the plaintiff but be granted to himself. Upon the trial of the case the jury rendered a verdict granting a divorce to the wife, and removing the disabilities of the husband. The defendant made a motion for a new trial, which was overruled, and he excepted.

1. The following charge of the court is brought under review: "Mrs. Skellie in this case contends that the conduct of her husband has been such as that she fears serious injury to her life and to her body by reason of that conduct, and not only that she fears injury to her health and to her body, but that she has actually suffered injury, before the commencement of this divorce suit, to her health and to her body by reason of the defendant's conduct; and that she did not bring that on herself. If you believe that contention of the plaintiff, then she would be entitled to a divorce at your hands. If you do not believe it, then she would not be entitled to a divorce." It will be noticed from the statement of the contentions of the wife appearing in this part of the charge that there were three distinct contentions, and the court charged the jury that "if you believe that contention of the plaintiff, then she would be entitled to a divorce." This charge was error. The court did not point out which of these contentions, if supported by evidence, would authorize a verdict in favor of the plaintiff. He did not state that if all these contentions were shown by a preponderance of the evidence to be true, the jury would be authorized to find for the wife, but used the expression if they believed "that contention of the plaintiff," she would be entitled to a divorce. The jury might have believed that the expression "that contention" referred to either of the three contentions. Besides, the charge was not a correct statement of the law, in that it did not require the jury to find from the evidence, before they would be authorized to find in favor of the libellant, that the conduct of the husband was such as to reasonably justify an apprehension of danger

to her life, limb, or health. Cruel treatment within the meaning of the section of the code upon which this case is based (Civil Code, § 2946) is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies the apprehension of danger to life, or limb or health. *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030). In the case of *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), Justice Candler, in a full discussion of the prior decisions of this court, defined the expression " cruel treatment," and gave substantially the definition later employed in the case of *Stoner* v. *Stoner,* supra, and disapproved the ruling upon this subject in the case of *Myrick* v. *Myrick,* 67 *Ga.* 771. And not only is the charge defective in the respects pointed out, but it failed to make wilfulness of conduct upon the part of the husband, which the wife sought to make a ground of divorce, an essential element of the offense against her, so as to render it a ground for finding in ·favor of the wife. In the case of *Miller* v. *Miller,* 139 *Ga.* 282 (77 S. E. 21), it was said: " ' Cruel treatment ' within the meaning of Civil Code, § 2946, which provides that such treatment shall be ground for divorce, is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of damage to life, limb, or health."

2. Exception is also taken to the following charge of the court: " I will state to you that, as a matter of public policy, it is, as a rule, not wise to divorce one party to a marriage contract and leave the other party undivorced. That it is simply a matter of public wisdom; and as a matter of public policy, wisdom dictates that if one is divorced the other should be divorced also." This charge was excepted to on the ground that there is no such public policy as stated by the court to be found in our statutes or elsewhere. We do not think the court was authorized to state that such a public policy exists. There is no statute on our books authorizing us to hold that such is our public policy. But the charge could not be hurtful to the defendant, who was asking for a divorce, and is not ground for a new trial.

3. The court also charged the jury in part that " There seems to be a great deal of feeling in this case by both these young people, but both will feel differently about it a hundred years from to-day; and you have been selected to try this case for the reason

that you are withdrawn entirely from that feeling, and it is your duty in this case to take all the evidence and pass on it impassionately without any regard for the one party or the other party, and simply ascertain the truth, and then let your verdict speak the result of that investigation." The amount of feeling involved in the case can not be regarded as entirely immaterial; for the existence of feeling might have shown the proper light in which the conduct of both the husband and the wife should be regarded, — might have aggravated or mitigated the acts of the husband complained of by the wife; and it was a question entirely for the jury to decide, were the acts of the husband and the wife, about which there is crimination and recrimination in the pleadings and evidence, the result of wilful cruelty, or grew out of the impulse of the moment? and to that extent was material, and the court in expressing an opinion upon that fact committed an error which requires the grant of a new trial. Civil Code, § 4863.

4. Complaint in the motion that the court erred in refusing to permit movant to testify as to the conduct of the plaintiff, Mrs. Skellie, towards designated individuals, " though said conduct was set out in movant's plea, and was the real cause of movant's being dismissed from plaintiff's home," is without merit, where it does not appear from the ground itself what movant would have testified in regard to these matters, and raises no question for decision.

5. The assignment of error upon the refusal by the court of a written request to charge does not sufficiently show what request was made. There is the the following statement in the motion, which constitutes the entire ground numbered 4th: "Because the court refused to give in charge the following requests made in writing." Nothing follows that statement. There is an unnumbered ground of the motion preceding this, and it begins with the following language: " Now comes . . and amends his motion for a new trial, as follows:" To this succeed in order three distinct paragraphs numbered 1st, 2nd, 3rd, stating legal propositions, and it is possible that the 4th ground related to this unnumbered ground; but we can not assume that that is true in the present shape of the record, and therefore do not pass upon whether it was error to refuse the request to charge.

*Judgment reversed. All the Justices concur.*