### DOUGHERTY *v.* DOUGHERTY.

GILBERT, J. 1. The court admitted the following evidence of a witness for the plaintiff, on the trial of a suit for divorce and alimony: " After I came back from my supper we stopped out on the porch a little while, and I told him [defendant] quite frankly I did not believe he had been quite fair in playing the marriage game." It was objectionable on the ground that it was a mere opinion, and of no probative value. In view of the character of the evidence submitted by the plaintiff on the trial, this ruling requires a reversal.

2. Cruel treatment, as a ground for divorce, is the " wilful infliction of

pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb or health." *Black* v. *Black*, 149 *Ga.* 506 (101 S. E. 182), et cit. " The intention to wound is a necessary element of the cruel treatment for which divorce is allowed." *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878); *Smith* v. *Smith*, 119 *Ga.* 239 (46 S. E. 106). "Slight disagreements and words inspired by transitory temper were never intended by the statute as a cause for setting aside a marriage contract." *Brown* v. *Brown*, 129 *Ga.* 246 (58 S. E. 825).

3. Applying the principles stated in the next preceding headnote, the court erred in admitting, over appropriate objection duly made, the evidence hereinafter set out. In no view of the case could such evidence be considered, either by itself or in conjunction with other evidence submitted, as constituting such cruel treatment as to authorize the grant of a divorce.

(a) Evidence that the defendant " was at home all the time, but that he would occasionally go down town on a little business, and be gone an hour at the time."

(b) That "the little girl [their daughter] was six years old, and had to walk a mile and an eighth to school."

(c) Testimony of the plaintiff, that " When we first married, on our wedding trip he gave me $10.00 for spending money, and when we came home and I asked him for some money to get some things to go to housekeeping with, he says, ' Where is that $10.00 I gave you at Tallulah Falls?' I says, 'I spent that for presents to bring back to the two families off our wedding trip.' He says, 'I see I will have to make you keep an itemized account of every cent you spend, to keep up with you.'" In regard to the last-quoted evidence, however much in bad taste the expressions may be, they are without probative value in the case.

4. The remaining special grounds of the motion for new trial do not show error, nor do they require comment. As the judgment refusing a new trial is reversed on other grounds, we will not rule upon the sufficiency of the evidence, nor upon the alleged newly discovered evidence.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*
No. 2793. MARCH 19, 1922.

Divorce and alimony. Before Judge Ellis. Fulton superior court. July 8, 1921.

Mrs. Dougherty brought suit against her husband, for divorce on the ground of cruel treatment, alleging the following facts: That the defendant had worked only twenty-two months during their eight years of married life, had spent most of the time idling around the house, nagging at petitioner, giving the excuse that if he worked he would have to contribute the more money to support petitioner and their children; that defendant was unnecessarily economical in the matter of living; that the defendant discharged

the servant employed by petitioner, claiming that he was unable to pay the hire, and this action cast upon petitioner additional care and work of the home and caused her to have a physical and nervous breakdown; that defendant was cold and indifferent toward petitioner and the children, extremely irritable, and upon the least provocation would unmercifully whip and beat the children, causing petitioner much pain and suffering and making her a physical wreck; that defendant is extremely jealous of petitioner and frequently abuses and curses her if she speaks politely to any one; that defendant was laboring under a hallucination that petitioner had done something of which he would not approve, was continually telling her that he was securing affidavits against her character, and that when he secured sufficient evidence he was going to leave her, thus augmenting petitioner's nervous condition; that although defendant was the owner of considerable property, he forced petitioner to undergo many unnecessary hardships, such as walking to many places, because he claimed he could not afford to pay car-fare; that defendant speaks to petitioner only when absolutely necessary, and is so cold and indifferent toward her that they eat at the table together only when they have company and other rare occasions; that defendant had threatened to do her bodily harm, and she was afraid he would do her bodily harm, and because of this treatment she went to a hospital for the purpose of regaining her health. The petitioner designated property of the value of $59,000 as belonging to defendant, and alleged that his income amounted to $500 per month and that he was capable of earning a salary of $300 per month.

The defendant filed an answer and cross-action, denying all the material averments of plaintiff's petition, and praying that he be granted a divorce because of the plaintiff's cruel treatment of him, consisting in the fact that she had, during his absence from home as a secretary of the Y. M. C. A. in France during the World War, been unduly intimate with a named person, and had, notwithstanding the fact that defendant made ample provision for her support by allotment from his salary and otherwise, withdrawn from bank a deposit of some $3000, and had turned the same over, together with a number of liberty bonds and the automobile belonging to defendant, to the person named, who had squandered the same, causing the defendant to sustain great loss; that peti-

tioner had turned over the property and funds notwithstanding the fact that defendant gave to her the right to withdraw the money from bank only in case of the most urgent and pressing necessity; and that she had been warned by members of the family that the person named was of bad character and unfit to be associated with petitioner.

The trial of the case resulted in a decree dissolving the marriage, with the right to both parties to remarry, and granting to the petitioner the sum of twenty-five dollars per month as alimony, and to a named trustee the sum of fifty dollars per month for each of the two children. The custody of the children was awarded to petitioner, with the right to defendant to visit them at such times and places as might be agreed upon by the parties or ordered by the court.

A motion for new trial filed by the defendant, after amendment, was overruled. Error is assigned upon that judgment.

*Colquitt & Conyers* and *Hines & Jordan,* for plaintiff in error.

*John S. & Ralph McClelland* and *Reuben & Lowry Arnold,* contra.