## DUREN *v.* DUREN.

ATKINSON, J. A petition for divorce, alimony, and attorney's fees alleged the following as grounds for divorce: Defendant "has been keeping company continuously for the last four years" with a named woman "of bad character and reputation for chastity, . . and has spent a large portion of his time with her during the four years. Although plaintiff repeatedly objected to him going with the said woman, he has continued in his conduct. He has made regular visits to her home, and has taken her to ride repeatedly. All of which has greatly outraged and humilated plaintiff. . . He has refused and failed during said period to provide plaintiff with anything except very meager necessary support, and has not provided for her in accordance with his means and ability and in the manner to which she was entitled in accordance with her station in life. He has at all times been very cross and abusive to plaintiff, and has cursed her repeatedly. All of which was more than plaintiff could stand; and she was forced, out of self-respect and out of consideration for her minor children, to separate from him. Plaintiff had used caution to try to keep it a secret from other members of the family of the conduct of defendant in his association with the woman as set out above, but it became so generally known that even her small children were told it in school." A general demurrer having been interposed, an amendment was allowed over objection that the petition was insufficient to support an amendment, and that the amendment sought to set up a new and distinct ground for divorce. The general demurrer was then renewed to the petition as amended. The amendment alleged: "That defendant wilfully and deliberately cruelly treated plaintiff. He told her that he went to see the bad woman . . and was going to continue to go to see her, and he cursed plaintiff and threatened to kill her for trying to interfere with his association with the woman; and such continual threatening broke down plaintiff's health, and made her a nervous wreck, and it was necessary to her life that she separate from him." *Held:*

1. The alleged grounds of complaint in both the original petition and the amendment relate to the matter of cruel treatment. There was no error in allowing the amendment, or in overruling the demurrer to the petition as amended. The case differs on its facts from the cases of *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), *Brown* v. *Brown*, 129 *Ga.* 246 (58 S. E. 825), and *Stoner* v. *Stoner*, 134 *Ga.* 368 (67 S. E. 1030); but, upon the principles applied in those cases, the petition as amended sufficiently alleged cruel treatment as a ground for divorce.

2. The evidence was sufficient to support the judgment allowing the plaintiff $50 per month as temporary alimony and $50 on account for attorney's fees.    *Judgment affirmed. All the Justices concur.*

No. 6490.   FEBRUARY 15, 1929.

*Eva Luke Hay,* for plaintiff in error.   *P. C. Andrews,* contra.