## WOOD v. WOOD.

BELL, J. 1. Cruel treatment as a ground for divorce (Civil Code (1910), § 2946) is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878); *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825); *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030).

2. After a condonation of cruel treatment, the conduct of the offending spouse may be such as to revive the condoned acts as ground for a divorce. *Davis* v. *Davis,* 134 *Ga.* 804 (68 S. E. 594, 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20).

3. In this case there was some evidence to support the verdict for a divorce in favor of the wife on the ground of cruel treatment, and it was not error to overrule the husband's motion for a new trial, based upon the general grounds only. *Judgment affirmed. All the Justices concur.*

No. 10342. OCTOBER 11, 1934.

*E. H. George,* for plaintiff in error. *C. S. Baldwin Jr.,* contra.

## EDGE et al. v. SUMMERS et al.

GILBERT, J. The exceptions are (1) to the overruling of a general demurrer to the petition, and (2) to the grant of an interlocutory injunction. *Held:*

1. The court did not err in overruling the demurrer.

2. On conflicting evidence the judgment of the trial judge will not be controlled. *Judgment affirmed. All the Justices concur.*

No. 10362. OCTOBER 11, 1934.

*J. H. Dorsey,* for plaintiffs in error. *W. H. Dorris,* contra.