SLAUGHTER *v.* SLAUGHTER.

No. 13281. MAY 14, 1940.

*McGee & Elliott* and *Swift, Pease, Davidson & Swinson,* for plaintiff. *Love & Fort,* for defendant.

GRICE, Justice. ■ Two questions are presented. The first is this: Is a party who has once filed a suit for divorce on the ground of cruel treatment, which suit resulted in a verdict and decree adverse to the libellant, barred from thereafter filing a second petition on the same ground, but based on different acts of cruel treatment, all of which were committed by the opposite spouse since the date of the former trial? If the second suit can not be maintained, it is only because of the principle of res judicata or of estoppel by judgment. Our Code declares that a judgment of a court of competent jurisdiction shall be conclusive as to all matters put in issue or which under the rules of law might have been put in issue. § 110-501. The doctrine of res judicata is to be applied only when the cause of action is the same. *Worth* v. *Carmichael*, 114 *Ga*. 699 (40 S. E. 797); *Draper* v. *Medlock*, 122 *Ga*. 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650); *Hill* v. *Cox*, 151 *Ga*. 599 (107 S. E. 850). The doctrine of estoppel by judgment is applied only as to such matters within the scope of the pleadings in the previous litigation as necessarily had to be adjudicated in order for the previous judgment or decree to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. *Sumner* v. *Sumner*, 186 *Ga*. 390 (197 S. E. 833).

The previous suit between these parties, based on acts of cruel treatment alleged to have occurred before June, 1935, was terminated by judgment dated March 2, 1938. The present suit was filed on October 17, 1939, on the ground of cruel treatment based on acts alleged to have occurred since the termination of the former suit. These later acts could not have been alleged in the former suit, and could not have been passed on by the court in that case. The contention that the plaintiff, having brought against the defendant one suit for divorce based on the ground of cruel treatment, which resulted adversely to him, can not maintain the present suit on the same ground, i. e., cruel treatment, although based on acts which occurred since the termination of the first action, appears never to have been passed on by the courts of this State. Similar questions, however, have been decided in other jurisdictions. Torlotting *v.* Torlotting, 97 Mo. App. 183 (70 S. W. 941); Wagner *v.* Wagner, 104 Cal. 293 (37 Pac. 935); Haley *v.* Haley, 2 Cal.

Unrep. Cas. 761 (14 Pac. 92) ; Cordier *v.* Cordier, 26 How. Pr. (N. Y.) 187.   In Haley *v.* Haley, supra, it appeared that the wife had previously filed against the husband a petition for divorce based on various acts of cruel treatment.   A judgment had been entered dismissing the wife's action, but before that dismissal the husband filed a cross-action in which he charged the wife with adultery. Subsequently the wife filed a second petition for divorce based upon the charges made by the husband in his cross-action to her first petition, alleging that these charges constituted cruel treatment in themselves.   The court held that the dismissal of the wife's first action did not bar a subsequent petition by the wife, based on the grounds set out therein.   In Cordier *v.* Cordier, supra, it was held that a plaintiff who had previously brought an action for divorce based on a charge of adultery might, although a judgment had been entered for the defendant in the previous action, bring a second action for divorce based on subsequent acts of adultery, although the party with whom the defendant was charged with the commission of the acts was the same in both instances.   Our conclusion is that a party, situated as is the plaintiff, has the right to bring a new petition based on new and different acts of cruel treatment which have occurred since the date of the previous adjudication.

The second question to be determined is this: Where two parties to a marriage contract have lived together as husband and wife, does the fact that they now live in a state of separation make it impossible for either party to commit any act or acts which the law will classify as cruel treatment which may be the basis for a divorce?   This identical question has been passed on by various courts in other jurisdictions; and apparently the authorities from the other States are uniform to the effect that the fact that the parties happened to be living in a state of separation at the time the acts occurred did not operate as a bar to their being urged as the basis of an action for divorce.   MacDonald *v.* MacDonald, 155 Cal. 665 (102 Pac. 927, 25 L. R. A. (N. S.) 45) ; Miller v. Miller, 87 Neb. 239 (131 N. W. 203) ; Smith *v.* Smith, 8 Ore. 100 ; Stewart *v.* Stewart, 175 Ind. 412 (94 N. E. 564) ; Wilson *v.* Wilson, 97 Ark. 643 (134 S. W. 963) ; Rodgers *v.* Rodgers (Ky.), 17 S. W. 573 ; McNamara *v.* McNamara, 93 Neb. 190 (139 N. W. 1045) ; Valensin *v.* Valensin, 73 Cal. 106 ; Palmer *v.* Palmer, 45 Mich. 150

(7 N. W. 760, 40 Am. R. 461). The text-book writers are in accord to the effect that the mere fact of separation should not defeat a divorce action based on acts committed during the separation. Schouler on Divorce, etc. (6th ed.), § 1602; Nelson on Divorce, etc., § 277. The several acts alleged in the instant case would ordinarily be such cruel treatment as would authorize a total divorce. It is true that no actual physical violence was shown, but that is not an essential ingredient of cruel treatment as used in our divorce statute, or as construed by this court. There may be many instances of wilful, harmful conduct that occur out of the presence of the other spouse, which nevertheless constitute acts as cruel as those which might be committed in the immediate presence of the other while living together under the same roof. We agree with the statement of Schouler (supra), that whether at the time false charges of infidelity, made by one spouse against the other are made when the parties are living apart, is relevant only as it may aid in determining the question whether such charges inflicted grievous, mental suffering upon the injured party. The case of *Cox* v. *Cox*, 159 *Ga*. 862 (127 S. E. 132), decides nothing contrary to the law as laid down in the foregoing authorities. There the parties had never lived together. The actual ruling was expressed as follows: "The statute, so far as it relates to cruel treatment as a ground of divorce, has no reference to cases where the married pair have never lived together. It would seem that, even under the most liberal rulings of this court upon the subject of cruel treatment, the acts of cruelty must be such as to make the petitioner's life miserable and unhappy; and even this slight degree of cruelty could not affect the safety or health of the husband who did not live, had not lived, and never expected to live with the wife." The concluding statement of the Chief Justice that, "'Cruel treatment,' as the term is used in connection with the marital relation, can not coexist with continual absence of one of the marital pair from the other," was obiter, is contrary to an unbroken line of authority, and is not binding. The decision in *Cox* v. *Cox* will not be extended beyond the actual facts on which it is based. It was error to dismiss the present action.

*Judgment reversed. All the Justices concur.*