## COHEN *v.* COHEN.

ATKINSON, Presiding Justice. 1. A party who has once filed a suit for divorce on the ground of cruel treatment, which suit resulted in a verdict and decree adverse to the libellant, is not barred from thereafter filing a second petition on the same ground, but based, on different acts, all of which were committed since the date of the former trial. *Slaughter v. Slaughter,* 190 *Ga.* 229 (9 S. E. 2d, 70).

2. Where the parties to a marriage contract have lived together as husband and wife, the fact that they now live in a state of separation does not make it impossible for either to commit an act which the law will classify as cruel treatment which may be the basis for a divorce. *Slaughter* v. *Slaughter,* supra.

3. Cruel treatment is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of damage to life, limb, or health. *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030); *Wood* v. *Wood,* 179 *Ga.* 635 (176 S. E. 483).

4. "Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person, and that which produces the one is not more cruel than that which causes the other." *Glass* v. *Wynn,* 76 *Ga.* 319 (3), 322.

5. The allegations of the petition as amended state a case entitling the plaintiff to a divorce on the ground of cruel treatment, if the jury, in the exercise of that discretion with which the law vests them, sees fit to grant it. *Judgment affirmed. All the Justices concur.*

No. 14262. SEPTEMBER 22, 1942.

574

*George & John L. Westmoreland,* for plaintiff in error.