1. A party who has once filed a suit for divorce on the ground of cruel treatment, which suit resulted in a verdict and decree adverse to the libelant, is not barred from thereafter filing a second petition on the same ground, but based, on different acts, all of which were committed since the date of the former trial. Slaughter v. Slaughter, 190 Ga. 229
(9 S.E.2d 70).
2. Where the parties to a marriage contract have lived together as husband and wife, the fact that they now live in a state of separation does not make it impossible for either to commit an act which the law will classify as cruel treatment which may be the basis for a divorce. Slaughter v. Slaughter, supra.
3. Cruel treatment is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of damage to life, limb, or health. Stoner v. Stoner, 134 Ga. 368 (67 S.E. 1030); Wood v. Wood, 179 Ga. 635 (176 S.E. 483).
4. "Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person, and that which produces the one is not more cruel than that which causes the other." Glass v. Wynn, 76 Ga. 319
(3), 322.
5. The allegations of the petition as amended state a case entitling the plaintiff to a divorce on the ground of cruel treatment, if the jury, in the exercise of that discretion with which the law vests them, sees fit to grant it.
Judgment affirmed. All the Justicesconcur.
 No. 14262. SEPTEMBER 22, 1942.
The plaintiff was denied a divorce in Barrow superior court on May 29, 1941, on a petition filed by her, the defense being condonation. On January 27, 1942, she filed another suit on the ground of cruel treatment, alleging as follows: "That since the acts of cruelty inflicted upon petitioner and since the said verdict was rendered, the defendant has wilfully and intentionally treated petitioner in the most cruel and inhumane manner, in that (1) he has entirely failed and utterly refused to support petitioner at all, and has not contributed a single dime to her support at all. (2) That he has gone about Atlanta where petitioner lives, boasting of his victory over her in Barrow superior court, and has stated to *Page 574 
many of her friends that he did not desire to live with her, that he did not love her, and that he intended to punish her by preventing her from obtaining a divorce from him, but that he did not have the slightest intentions of supporting her or living with her. Petitioner shows that this cruel treatment has endangered her health and life, and has greatly injured her health, and that she has constantly suffered humiliation, nervousness, and indigestion on account of this cruel treatment. Petitioner was blameless, and said cruel treatment was inflicted without cause."
In an amendment it was alleged as follows:
"1. In addition to the indignities suffered by petitioner as recorded in the original petition, petitioner has been greatly humiliated, embarrassed, and put to shame by the conduct of said defendant, which in part is as follows: (a) For the last several months the said defendant has kept company constantly with a young business woman who lives in Decatur, Georgia, by the name of Miss Kaye Godfrey and herein referred to as the other woman, and has paraded said other woman as a sweetheart to the clubs and through channels of society where both the petitioner and defendant once went; and recently said defendant had the said other woman driving his car, and they went by the home of people who were friends of petitioner, and did so for the sole purpose of humiliating and embarrassing petitioner. (b) Said defendant has carried on said love affair with said other woman for a period of several months, and has paraded her in the manner set forth above for the sole purpose of embarrassing and humiliating your petitioner, in addition to his other interest in said other woman.
"2. Said defendant in his conduct with said other woman has created a scandal of gossip which petitioner has to meet on every occasion when she goes out to her place of worship or about the City of Atlanta or to visit friends, and the constant reports of said defendant's conduct with said other woman has become a source of great annoyance and chagrin to your petitioner, causing her deep humiliation.
"3. The conduct of said defendant with said other woman has been a great source of mental anguish and humiliation of plaintiff's pride, all of which caused her to be highly nervous from said embarrassment, and said conduct was and is such cruel treatment as contemplated in the statute, sufficient to award your petitioner a total divorce." *Page 575 
The defendant demurred on the following grounds: (1) The petition fails to set forth sufficient facts to constitute a good and valid cause of action against this defendant. (2) It shows on its face that the plaintiff has no cause of action against the defendant. (3) The facts as alleged do not authorize, under the law of Georgia, any divorce to be granted to the plaintiff. The demurrer was overruled, and the defendant excepted.