## TWILLEY v. TWILLEY.

BELL, Presiding Justice. 1. In the instant suit for divorce by a wife, in which the husband filed a cross-action praying for a total divorce in his own behalf, and recovered a verdict accordingly, whether the cross-action should be construed as failing to allege that the complainant therein had resided in this State more than twelve months before it was filed, and whether, if so, it would be defective as an application for divorce, these questions were not raised by the general grounds of the plaintiff's motion for a new trial, so as to require a decision thereon by this court, where the motion was *overruled* by the trial judge. *Kelly* v. *Strouse*, 116 *Ga.* 872 (6) (43 S. E. 280) ; *Henley* v. *Brockman*, 124 *Ga.* 1059 (2) (53 S. E. 672) ; *Davis* v. *Metropolitan Life Insurance Co.*, 161 *Ga.* 568 (4), 573-574 (131 S. E. 490) ; *Boswell* v. *Federal Land Bank of Columbia*, 181 *Ga.* 258 (4) (182 S. E. 1).

(a) Whether if a new trial had been *granted*, and it appeared that the pleadings were not sufficient to support the verdict, this court would affirm the judgment, notwithstanding the question of practice, quære. Compare *Blount* v. *Metropolitan Life Insurance Co.*, 192 *Ga.* 325 (15 S. E. 2d, 413) ; *Coker* v. *Atlanta*, 186 *Ga.* 473 (198 S. E. 74) ; *Richter* v. *Cann*, 191 *Ga.* 103 (11 S. E. 2d, 774).

(b) On whether an allegation of such residence by the defendant would be essential in a cross-action, see Code, § 30-106; 27 C. J. S. 637, § 73; 17 Am. Jur. 287, § 264; *Aucutt* v. *Aucutt*, 122 Tex. 518 (62 S. W. 2d, 77) ; 89 A. L. R. 1198, 1203, note.

2. While the defendant alleged that the plaintiff had "abandoned" him, this averment referred to the separation which occurred only a few days before the litigation arose; and it is clear from the cross-action as a whole that the defendant sought a divorce on the alleged ground of cruel treatment, and not on desertion as defined in the Code, § 30-102 (7). Accordingly, the judge did not err in failing to instruct the jury on wilful and continued desertion for three years, as ground for a divorce.

3. In an action or cross-action for divorce on the ground of cruelty, unless the evidence was sufficient to show cruelty as alleged, there would be nothing to condone; and therefore the judge's failure in such case to charge on condonation would not be erroneous. Under this ruling and others infra in reference to the evidence, the judge did not err in failing to charge on that subject. See, as to condonation, Code, § 30-109.

4. Cruel treatment is the "wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health." *Stoner* v. *Stoner*, 134 *Ga.* 368 (67 S. E. 1030) ; *Wood* v. *Wood*, 179 *Ga.* 635 (176 S. E. 483).

5. "Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad as actual bruises of the person; and that which produces the one is not more cruel than that which causes the other." *Glass* v. *Wynn*, 76 *Ga.* 319 (3), 322; *Cohen* v. *Cohen*, 194 *Ga.* 573 (4) (22 S. E. 2d, 132) ; *Allen* v. *Allen*, 194 *Ga.* 591 (22 S. E. 2d, 136).

6. The verdict should be construed in the light of the pleadings, the issues made by the evidence, and *the charge of the court*. *Gray* v. *Junction*

*City Manufacturing Co.*, 195 *Ga.* 33 (22 S. E. 2d, 847); *Barbour* v. *State*, 8 *Ga. App.* 27 (68 S. E. 458); *McCollum* v. *Thomason*, 32 *Ga. App.* 160 (2) (122 S. E. 800); *Swain* v. *Georgia Power & Light Co.*, 46 *Ga. App.* 794 (169 S. E. 249). Under such construction, and especially in view of the charge as to forms of verdict, the verdict as returned, for a "total divorce between the parties in this case cross-bill of deft.," amounted to denial of a divorce to the wife on her main petition, and grant of a divorce to the husband on his cross-action. See Code, § 30-108.

7. Under the preceding rulings as to what is necessary to constitute cruel treatment as ground for divorce, the evidence did not authorize a verdict for the husband on that ground; but in view of the evidence of the wife as to repeated insults and neglect, and her further testimony to the effect that such treatment by the husband had made her a nervous wreck, a verdict for her on the ground of cruelty would have been authorized, although it was not demanded. It follows that the judgment overruling the wife's motion for a new trial was error as applied to the verdict for the husband on his cross-action; but it was within the judge's discretion either to grant or refuse a new trial as applied to the verdict against the wife on the main petition.

8. Since the evidence would have authorized a divorce in the wife's favor on the main petition, and therefore the judge could in his discretion have either granted or refused a new trial as applied to such main petition, but erred in refusing a new trial as applied to the cross-petition, and since this error may have entered into and affected his discretion in denying the motion as related to the wife's petition for a divorce in her own behalf, it is directed that the judge on further consideration of the motion, after the remittitur is made the judgment of the trial court, and at the time of granting a new trial as applied to the verdict for a divorce in favor of the husband, determine in his discretion whether he will also grant a new trial as applied to the wife's action, or whether he will refuse it, and specify in his order the scope of his adjudication on these questions. See, in this connection, *Bourquin* v. *Bourquin*, 110 *Ga.* 440 (6) (35 S. E. 710); *Boone* v. *Boone*, 192 *Ga.* 579 (15 S. E. 2d, 868). As to this phase, the case differs on its facts from *Chicago Building & Manufacturing Co.* v. *Butler*, 139 *Ga.* 816 (78 S. E. 244), where in a suit on contract against several persons, after verdict for all the defendants, this court reversed the refusal of a new trial as to some of the defendants for whom the verdict was not authorized, but at the same time affirmed it as to others for whom it was supported.

*Judgment reversed, with direction. All the Justices concur.*

No. 14388. January 13, 1943.

*H. W. McLarty,* for plaintiff.   *William G. McRae,* for defendant.