## ADAMS *v.* ADAMS.

No. 14438. MARCH 10, 1943.

*Louis H. Foster* and *S. P. Cain,* for plaintiff.
*Ira Carlisle* and *Vance Custer,* for defendant.

REID, Chief Justice. After our decision in *Adams* v. *Adams,* 191 *Ga.* 537 (13 S. E. 2d, 173), which dealt with this case in its

interlocutory stages, the case came to trial before a jury, and there was a verdict in favor of the defendant. The plaintiff's motion for new trial was overruled, as was likewise her special motion to vacate and set aside the verdict on various grounds. She assigns error on these rulings and thereby raises various questions of law with which, because of the final view we have taken of the case, it is not necessary here to deal. One of these questions had to do with the defendant's plea of former judgment; and several others were urged. But if under all of the evidence the plaintiff would not have been entitled to a verdict in her favor, we need not be concerned with these other claims of error. *Watson* v. *Southern Ry. Co.*, 132 *Ga.* 552 (2) (64 S. E. 549). The plaintiff predicated her claim for divorce upon the ground of cruel treatment, and at the trial relied for proof exclusively upon her own testimony. It is brief, and as far as pertinent is stated in full as follows: "I married the defendant, April 29, 1925, and lived with him about thirteen years. There was a separation. It occurred when he left home April 1, 1939. We lived at Climax in Decatur County. I never could get any definite reason out of him for the separation. He stayed out at the farm for most of the time. I gave my husband no cause to complain of our marital relations. The only cause I had to complain of was that he would not stay at home. He was engaged in farming and lumber business. He would usually come home sometime during the night. I did not know where he was when away. He got careless about my support. He would stay out all night on some occasions. I was sick in the bed at this time; he did not come to look after me, and gave me very indefinite answers as to when he would return. At the time of the separation my health had become very poor. At the time of the separation he was supporting me a very little. I do not know where he went when he left home. I suppose the last I saw of him was when he came to my sister's in Florida, after suit was filed. I have not seen him since the hearing for temporary alimony. I can not live with him longer with that kind of conduct."

"It was held by this court in *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), that 'cruel treatment,' within the meaning of Civil Code, § 2427 [30-104], which provides that such treatment shall be a ground for divorce, is the wilful infliction of

pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825)." *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030). This ruling was made in a case where the plaintiff wife testified that her husband's treatment was cruel in the extreme; that he furnished her no wearing apparel and only the plain necessities of life, frequently taunting her with being a pauper, and never going out with her; that he threatened to sell all of his property and leave her without a house or home or anything to live on; that he refused to buy her medicine, ice, or delicacies, refused to send for a physician for her when she was sick; that in her illness when neighbors would send in something for her to eat he would quarrel with her about it and frequently threw the food out of doors. The evidence showed that when the petition against him was filed he had sold his home and real estate, and had gone to the station to take the train (apparently leaving her) when he was served with the petition. The evidence of the wife along the lines stated above was corroborated by another witness, who, after describing similar conduct, characterized it as "inhuman and cruel." The decisions which have held consistently with the foregoing ruling, predicated as this one was for the most part on *Ring* v. *Ring,* supra, have been so often cited that we see no benefit in making a new and exhaustive collection of them. A few may be noticed. One full discussion was contained in *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (2), 339 (125 S. E. 856). The *Stoner* case was specifically applied in *Black* v. *Black,* 149 *Ga.* 506 (101 S. E. 182); and the following are among those adhering to the interpretation of our Code section as stated by these earlier cases. Code, § 30-104; *Skellie* v. *Skellie,* 152 *Ga.* 707, 709 (111 S. E. 22); *Dougherty* v. *Dougherty,* 153 *Ga.* 487 (2) (112 S. E. 454); *Phinizy* v. *Phinizy,* 154 *Ga.* 199, 209 (114 S. E. 185); *Wood* v. *Wood,* 179 *Ga.* 635 (176 S. E. 483); *Gaulding* v. *Gaulding,* 184 *Ga.* 689, 690 (192 S. E. 724).

In the case before us it is easily seen, from a full recital of the evidence above, that at most the husband was merely to be condemned for being neglectful and inconsiderate of his wife. While it appears that at the time of the separation the plaintiff's health was poor, and previously she had been ill, there is nothing to indicate the condition of her health resulted from defendant's conduct,

or that there was wilful infliction of pain such as would reasonably justify apprehension of danger to her life, limb, or health. Under our law and the former rulings as cited above and in many others to be found, the evidence is simply not enough to support a verdict for divorce; and since we are of the view that a verdict for the defendant was demanded, under the evidence in the record, no other grounds of complaint will be examined. The motion for new trial was properly overruled.

*Judgment affirmed. All the Justices concur.*