1. Cruel treatment as ground for divorce "is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health." Ring v. Ring, 118 Ga. 183
(44 S.E. 861, 62 L.R.A. 878); *Page 106 Brown v. Brown, 129 Ga. 246 (58 S.E. 825); Stoner v. Stoner, 134 Ga. 368 (67 S.E. 1030); Adams v. Adams, 195 Ga. 479 (24 S.E.2d 683).
2. In the instant case the petition contained sufficient allegations to show cruel treatment within the foregoing principle. Accordingly it was not error to overrule the general demurrer. Alford v. Alford, 189 Ga. 630 (1, 2) (7 S.E.2d 278); Cohen v. Cohen, 194 Ga. 573
(22 S.E.2d 132); Allen v. Allen, 194 Ga. 591
(22 S.E.2d 136); Twilley v. Twilley, 195 Ga. 291 (5, 7) (24 S.E.2d 41).
Judgment affirmed. All the Justices concur.
 No. 14682. NOVEMBER 11, 1943.
Clint M. Holcombe sued his wife, Dorothy Elizabeth Holcombe, for a total divorce, basing his action upon claim of cruel treatment. The defendant by demurrer challenged the sufficiency of the allegations to show cruel treatment. After two amendments, the petition was held sufficient as against a general demurrer, and the defendant excepted. The allegations as to cruel treatment in the petition as finally amended were as follows:
"5. Petitioner shows that he has always made a good dutiful husband, and has given the defendant no cause of complaint; but, despite this treatment of the plaintiff unto the defendant, the defendant has treated plaintiff in such a cruel manner as to make further cohabitation unsafe and impossible, as will be more hereinafter fully described.
"6. Plaintiff shows that for the past three (3) years, and up to the date of separation, that the defendant was of a jealous and suspicious nature, and that without any reason would nag and fuss and argue with the petitioner into the late hours of the night over trivial matters such as his conduct towards his in-laws, money matters, etc.; the defendant being aware that the plaintiff in order to hold down his job as an electrician was in need of peace, quiet, and proper rest. Plaintiff further shows that the defendant was quarrelsome and would argue and fight with the plaintiff when he insisted that the defendant keep the home in a neat, clean, and sanitary condition; but despite the request of plaintiff, to keep the house neat and clean, he would be forced to return to an unkept home, and it would become necessary for him to do the household work, after working all day as an electrician, in order to have the house in a neat, clean, livable condition. Plaintiff further shows that for the past three (3) years the defendant insisted on permitting members of her family to take charge of plaintiff's home, being *Page 107 
present at all hours of the day and night; and when plaintiff would request that they not be there so much, the defendant would criticize and abuse plaintiff to the extent that he was in a nervous turmoil wherein he could not properly digest his food or get the proper sleep and rest, making it dangerous for him to carry on his work as an electrician. Plaintiff further shows that the defendant would, for a long period of time for the past several years, deny to him his conjugal rights, and any time he would approach the defendant it would result in an argument and unpleasantness. All the aforesaid acts of cruel treatment, causing mental and physical pain and suffering to the plaintiff, known by the defendant without any effort to cease her nagging and fussing and infliction of cruel treatment upon the plaintiff. That all of the aforesaid acts of cruel treatment committed by the defendant unto the plaintiff were wilful and intentional."
The grounds of a demurrer dated April 8, 1943, were (1) that the petition as amended does not set out a cause of action, and (2) that the allegations of fact as set out in the amended petition do not constitute cruel treatment under the law in that there are no statements to justify an apprehension of danger to life, limb, or health of the plaintiff. This demurrer was overruled on May 27, 1943, but on the date last named and before ruling on the demurrer, the court allowed an amendment adding the last sentence to paragraph 6 of the petition as quoted above. After the order of May 27, overruling the demurrer of April 8, the defendant filed a new demurrer to the petition as last amended and also moved to strike the last amendment. The court overruled this demurrer and the motion to strike; and while the bill of exceptions assigns error on all of the above mentioned rulings, in the brief filed for the plaintiff in error it is insisted only that the petition as finally amended did not allege sufficient facts to show cruel treatment.