BRINSON *v.* BRINSON.

No. 15622.   November 14, 1946.

*Ernest C. Britton* and *Oscar D. Smith,* for plaintiff in error.
*Theo J. McGee,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ Cruel treatment as a ground for divorce is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health. *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878) ; *Wood* v. *Wood,* 179 *Ga.* 635 (176 S. E. 483) ; *Holcombe* v. *Holcombe,* 197 *Ga.* 105 (27 S. E. 2d, 687). "Mental anguish, wounded feelings, constantly aggravated by repeated insults and neglect, are as bad

as actual bruises of the person; and that which produces the one is not more cruel than that which causes the other." *Glass* v. *Wynn,* 76 *Ga.* 319 (3) 322; *Twilley* v. *Twilley,* 195 *Ga.* 291 (24 S. E. 2d, 41). Here, the evidence introduced by the wife, showing the unconventional association of her husband with a named woman of questionable character, his refusal to furnish his family with the ordinary necessities of life, and his personal misconduct in and around their home, was amply sufficient to authorize the jury to find that the husband had been guilty of such cruel treatment as would entitle the wife to a total divorce.

■ "Condonation has been defined to be the forgiveness, either express or implied, by a husband of his wife, or by a wife of her husband, for a breach of marital duty, with an implied condition that the offense shall not be repeated." *Davis* v. *Davis,* 134 *Ga.* 804 (68 S. E. 594, 30 L. R. A. (N. S.), 73, 20 Ann. Cas. 20). "Condonation is not so readily presumed against the wife, as the husband. Knowledge of the guilt of the husband, and forgiveness by the wife, are not legally to be presumed, but must be clearly and distinctly proved, in order to bar her action." *Odom* v. *Odom,* 36 *Ga.* 286 (5), 318; *Lowry* v. *Lowry,* 170 *Ga.* 349 (8, a) (153 S. E. 11, 70 A. L. R. 488); *Duncan* v. *Duncan,* 184 *Ga.* 602 (192 S. E. 215). Under the foregoing principles, the evidence authorized a verdict for the wife on the issue of condonation.

■ The evidence being sufficient to support the verdict in favor of the wife on both counts, and having the approval of the trial judge, the judgment overruling the motion for new trial, which was based solely on the usual general grounds, will not be disturbed. *Judgment affirmed. All the Justices concur.*