19666.  STIMPSON *v.* STIMPSON.

HEAD, Justice. 1. Habitual intoxication under our law as a ground for divorce means exactly what it says. Code § 30-102 (9). The testimony that the husband was "drunk" or "under the influence of liquor" on one occasion prior to the separation is wholly insufficient to sustain a divorce on the ground of habitual intoxication.

2. Cruel treatment as a ground for divorce "shall consist of the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." Code § 30-102 (10). In the present case the evidence showed nothing more than rudeness, inconsideration, and an occasional evidence of temper, which resulted from the husband's conclusion as to some misconduct on the part of the grown daughter of the parties. The testimony of the daughter and the wife wholly fails to show any wilful infliction of pain upon the wife by the husband, either bodily or mental, such as to justify an apprehension of danger to life, limb, or health. *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E.

861, 62 L. R. A. 878) ; *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825) ; *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030) ; *Black* v. *Black,* 149 *Ga.* 506 (101 S. E. 182) ; *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856) ; *Ewing* v. *Ewing,* 211 *Ga.* 803 (89 S. E. 2d 180).

3. Where the prayers for temporary and permanent alimony are not based on the ground that the parties are living in a bona fide state of separation, but are incidental to a cross-bill for divorce, and the evidence is insufficient to sustain the divorce granted on the cross-bill, the decree awarding permanent alimony, and the subsequent order granting additional attorney's fees, are without legal force and effect. *Stoner* v. *Stoner,* 134 *Ga.* 368, supra; *Black* v. *Black,* 149 *Ga.* 506, supra; *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (2) (129 S. E. 658) ; *Meadows* v. *Meadows,* 161 *Ga.* 90 (129 S. E. 659) ; *Mullally* v. *Mullally,* 199 *Ga.* 708, 709 (3) (35 S. E. 2d 199) ; *Harmon* v. *Harmon,* 209 *Ga.* 474 (74 S. E. 2d 75).

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 9, 1957—DECIDED MAY 13, 1957.

*Edward J. Goodwin,* for plaintiff in error.

*Pierce & Ranitz,* contra.