REGENSTEIN & COMPANY *et al.* *v.* TYLER & COMPANY *et al.*

Under act of October 24, 1887, a bill in equity for injunction and receiver, addressed to the judge of the superior court and praying for *subpœna,* and on which defendant's attorney acknowledged service and waived process, should not have been dismissed on demurrer for the reasons that "defendant is warned to appear by *subpœna* and not by process," and "that the same is a proceeding in equity and not in law." The defect of address and the irregularity of prayer were amendable ; and the defendant appeared and pleaded.

January 17, 1890.

Equity. Practice. Amendment. Process. Waiver. Before Judge BOYNTON. Pike superior court. April term, 1889.

Reported in the decision.

S. N. WOODWARD and R. T. DORSEY, for plaintiffs.

J. F. REDDING, for defendants.

BLANDFORD, Justice.

The plaintiffs in error presented their bill, addressed to the judge of the superior courts of the Flint circuit,

as exercising chancery jurisdiction therein, against the defendants in error, in which bill they prayed for an injunction against the defendants in error and for the appointment of a receiver, and also prayed for *subpœna.* Service was acknowledged by the defendants' attorney in these words : "Due and legal service acknowledged; copy and copy process, order and all further service and notice waived." The defendants answered this bill, and an injunction was granted and a receiver appointed as prayed for therein. At the term of the court after the first trial term, defendants moved to dismiss the bill, and it was dismissed by the superior court "for the reason that defendant is warned to appear by *subpœna* and not by process; that the same is a proceeding in equity and not in law." This decision of the court dismissing the bill is excepted to, and the same is assigned as error.

We think the court committed error in dismissing the case. Process was waived by the defendants' attorney. Defendants appeared and pleaded to the same, and while it was technically a proceeding in equity, we think that under the act of 1887, page 64, entitled "an act to provide a uniform mode of procedure in civil cases," approved October 24th, 1887, which requires proceedings at law or in equity to be addressed to the superior courts in this State, and that process as at law shall be annexed to said petition and served as any other case at law, the defect in the address of this bill (the same having been addressed to the judge of the superior court, and not to the superior court) was amendable ; and that the prayer for *subpœna,* while the same was irregular under the act above cited, could also be amended ; and while there was no process annexed to the bill, the same having been waived, the prayer for *subpœna* might have been amended and have been made a prayer for process to issue. The appear-

ance and pleading by the defendants was a waiver of the process.  See sections of the code 3334 and 4185 ; also §3335.  See also case of *DeLacy et al.* v. *Hurst, Purnell & Co.*, 83 *Ga.* 223 ; *Manheim et al.* v. *Claflin & Co.*, 81 *Ga.* 129.  These cases examined and approved. Judgment reversed because the court erred in dismissing the case.                    *Judgment reversed.*