## The Mayor and Council of Griffin v. Johnson.

84 279
100 501

84 279
106 452

84 279
f111 185

84 279
113 564

84 279
114 536

84 279
116 896

84 279
f129 74

1. Under the evidence, a verdict against a city for $1,500, for injuries sustained by its negligence in knowingly allowing a hole made by the removal of a plank from a bridge on one of its principal streets, to remain from five to twenty days, was demanded, and was moderate.

2. If a demurrer be improperly overruled, no new trial is needed ; such overruling should be excepted to.

3. Complaint of admission of testimony should show that the specified objection was made when the testimony was offered.

(a) The context of the declaration showing that the omission of the word "not" was merely a clerical error, such omission would not form basis for objection to testimony.

4. The evidence authorized a finding that the city authorities were negligent in the manner in which they kept up the bridge or in allowing the hole to be therein.

5. Failure to charge, as to the measure of damages, that the jury should consider plaintiff's declining years, and the apparent decrease year by year of his capacity to labor, was no hurt to the defendant where the verdict was as small as it could rightfully have been had such charge been given.

6. Points of law proper as grounds for demurrer ought not to be made first in this court under a ground for new trial that the verdict was contrary to law.

January 17, 1890.

Municipal corporations. Verdict. Negligence. Damages. Practice. Demurrer. New trial. Evidence. Before Judge Boynton. Spalding superior court. February term, 1889.

Reported in the decision.

LLOYD CLEVELAND and HALL & HAMMOND, for plaintiff in error.

STEWART & DANIEL, F. D. DISMUKE and R. T. DORSEY, contra.

SIMMONS, Justice.

Johnson sued the Mayor and Council of Griffin for damages, for injuries sustained by him in falling through a hole in a bridge on a public sidewalk of said city, by which fall he was seriously and permanently injured. On the trial of the case, under the charge of the court, the jury returned a verdict of $1,500 for the plaintiff. Defendant made a motion for a new trial upon the several grounds recited therein, which was overruled by the court, and defendant excepted.

1. The 1st, 2d and 3d grounds in the motion are that the verdict is contrary to law, to the evidence, and is excessive. We have carefully read the evidence as sent up in this record, and we think it demanded the verdict of the jury. There can be no doubt under the evidence that the city was grossly negligent in allowing the hole, caused by the removal of a plank, to remain in the bridge for so long a time. It is clearly shown in the evidence that the hole remained in the bridge, on one of the principal streets in the city, within a short distance from the market-house, from five to twenty days; and two of the witnesses for the plaintiff testified that they gave the officers of the city notice thereof. This, however, was denied by the officers. At any rate the jury found that the city knew of the existence of the hole in the bridge, or that it had been there a sufficient length of time to put them upon notice thereof. Instead of the verdict being excessive, as claimed in the motion for a new trial, we think, under the facts disclosed by this record, that the jury exercised great moderation in assessing the damages against the city. Ac-

cording to the testimony, the plaintiff was very badly
and permanently injured. His arm was broken and,
as he says in his testimony, his ankle was torn loose
from his foot. His physician says that all the liga-
ments in the ankle joints were lacerated, and that this
injury is permanent. Besides this, two of his front
teeth were knocked out by the fall, and he was injured
internally, so much so that his urine became bloody and
he passed blood for three or four months. It was
about three months before he could put his foot on the
ground. Neither his arm nor his ankle is yet entirely
well. He kept his arm in a sling nearly twelve months.
His ankle "rose" two years afterwards, and he "can't
walk on it now without pain." Before he was hurt he real-
ized from his work from $600 to $700 per year. He suf-
fered great pain at the time of his injuries, and still suf-
fers at the time of this trial, three years and four months
afterwards. Taking into consideration the severe per-
sonal injuries received by the plaintiff, the great pain
which he suffered and still suffers, and his pecuniary
loss sustained by reason of these injuries, we think the
verdict was a very moderate one.

2. The 4th ground of the motion complains that
the court overruled defendant's demurrer to the decla-
ration. We have decided so often that this is not a
matter of complaint in a motion for a new trial, that it
is becoming somewhat monotonous. If a demurrer is
made and overruled, and the ruling is excepted to, it
should be done in the bill of exceptions, and not made
a ground for a new trial. If the demurrer is good, no
new trial is needed, and the declaration should be dis-
missed.

3. The 5th ground of the motion complains that the
plaintiff was allowed to testify that he did not know
that the plank was off the bridge, and had no knowl-
edge of any defect in the bridge, over the objection of

defendant that such testimony was contrary to the allegation in the declaration. This ground does not state that the objection was made at the time of the trial, and therefore we cannot consider it. If we could consider it, we would say that there was no error in allowing the testimony, as the objection made to the declaration was not well-taken, it being evident from the context that it was merely a clerical error in leaving out the word " not."

4. The 6th ground of the motion complains that the verdict was contrary to a certain specified portion of the charge. The court instructed the jury that, in order for the plaintiff to recover, it must appear from the evidence that the city authorities were negligent in the manner in which they kept up the bridge, or were negligent in allowing the hole to be in the bridge. We do not think there is any merit in this ground of the motion. As before remarked, we think the evidence clearly shows that the city authorities were negligent in allowing the hole to remain so great a length of time in a bridge in one of the principal streets of the city. There was an abundance of evidence to authorize this finding.

5. The 7th ground complains that the court, in charging upon the subject of the measure of damages, failed to charge that the jury should consider plaintiff's declining years, and the apparent decrease, year by year, of plaintiff's capacity to labor; especially as plaintiff's means of earning money is by his physical labor. While this court has held in several cases that it was proper, and the duty, of the trial judge to give these instructions to the jury, still, under the facts of this case, we will not reverse the court below for failing to give that principle in charge to the jury, because this verdict is so small, considering the severe and permanent character of the injuries sustained by the plaintiff, his pain

and suffering, and his loss by reason of such injuries, that the jury could not have rightfully arrived at a smaller amount, even if the charge as complained of in this ground of the motion had been given.

6. It was insisted by the learned counsel for the plaintiff in error that this verdict was contrary to law, because he says it is well-settled that municipal corporations are made liable for injuries arising from streets only in three instances : 1st, when the general law makes them liable; 2d, when the charter makes them liable ; 3rd, when they are impliedly liable. It was admitted in the argument before us that this point was not made before the judge at the time of the trial. The trial judge, therefore, had no opportunity to pass upon it, nor did counsel for the defendant in error have any notice that such a point would be raised here. If the point were a good one, it should have been made in the court below and thus saved the expense and necessity of a trial in that court. We do not think that it would be just or fair to the court below to make the point here for the first time, under the general assignment of error that the verdict was contrary to law. We therefore decline to pass upon it here. We do not mean to intimate, however, that the point is sound in law, but on the contrary, under the charter of Griffin it is quite probable that it would not have been good if made by way of demurrer to the declaration in the court below.                                    *Judgment affirmed.*