### 12256.  GUNN *v.* JOHNSON & COMPANY.

STEPHENS, J.  1.  Since the sufficiency of a petition can not be questioned in a motion for a new trial, the defendant, in a proceeding by a lien holder to foreclose his lien by the statutory method providing for the filing of an affidavit as the initial process in the foreclosure proceedings, which is in the nature of a plaintiff's petition, can not, in a motion for a new trial based upon the ground that the verdict rendered for the plaintiff was contrary to law, insist upon the insufficiency of the affiant's affidavit in failing to contain such an allegation.  The above ruling is not to be construed as extending to a case where the plaintiff's petition or affidavit of foreclosure affirmatively shows the existence of some fact which destroys the plaintiff's right to recover or pursue the remedy sought.  The authority for the rule here laid down is found in *Kelly* v. *Strouse*, 116 *Ga.* 872 (6) (43 S. E. 280), *Roberts* v. *Keeler*, 111 *Ga.* 181 (6) (36 S. E. 617), and *Mayor &c. of Griffin* v. *Johnson*, 84 *Ga.* 279 (6) (10 S. E. 719), which this court followed in *Guaranty &c. Ins. Co.* v. *Seals*, 27 *Ga. App.* 378 (108 S. E. 477).  If *So. Ry. Co.* v. *Stephens*, 23 *Ga. App.* 200 (98 S. E. 176), *Ridgeway* v. *Bowser*, 14 *Ga. App.* 300 (80 S. E. 692), and *Rountree* v. *Craigmiles*, 12 *Ga. App.* 237 (77 S. E. 15), are susceptible of a construction at variance with these decisions, the authority of these latter decisions, being by the Court of Appeals, must yield to the authority of the Supreme Court.  See further, in this connection: *Crew* v. *Hutcheson*, 115 *Ga.* 511, 536 (42 S. E. 16); *Johnson* v. *Thrower*, 123 *Ga.* 706 (2) (51 S. E. 636); *Henley* v. *Brockman*, 124 *Ga.* 1059 (2) (53 S. E. 672); *Napier* v. *Burkett*, 113 *Ga.* 607 (38 S. E. 941); *Savannah Chemical Co.* v. *Bragg*, 14 *Ga. App.* 371 (80 S. E. 858).

2.  Since the facts essential to establish the plaintiff's case set out in his affidavit, when not denied by the defendant in his counter-affidavit, are taken as true, and since, upon inquiry into the grounds of a motion for a new trial, the affidavit must be taken as sufficiently alleging all facts necessary to establish the plaintiff's case, the failure of the defendant in his counter-affidavit to deny the essential fact of the lien having been recorded within the statutory period amounts to an admission of such record, and the failure of the evidence to establish such fact does not

amount to a ground for reversal of the judgment for the plaintiff as being without evidence to support it. *Hindman* v. *Raper*, 143 *Ga.* 643 (2) (85 S. E. 843) ; *Mitchell* v. *White*, 74 *Ga.* 327 (2) ; *Bowling* v. *Hathcock*, 27 *Ga. App.* 67 (2) (107 S. E. 384).

3. The defendant's objection to the affidavit of foreclosure and the execution issued thereon, upon the ground that the taking of the affidavit and the issuance of the execution by the judge of the city court of Millen was illegal and void, is without merit, since the Supreme Court has, in answer to a certified question propounded in this case, decided this question contrary to the contention of the defendant. *Gunn* v. *Johnson*, 154 *Ga.* 568 (114 S. E. 709).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 15, 1923.

Foreclosure of lien; from city court of Millen — Judge Henson. January 12, 1921.

*Willie Woodrum,* for plaintiff in error. *A. S. Anderson,* contra.