BOSWELL *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 10838.    OCTOBER 16, 1935.

*J. G. Faust,* for plaintiff in error. *Noel P. Park,* contra.

GILBERT, Justice. The Federal Land Bank held a loan deed from Boswell. On attempting to exercise the power of sale contained in this deed, certain tax executions were levied on the land.

The bank filed a bill in equity to enjoin further progress of these executions. On the trial a verdict for the bank was directed. Boswell's motion · for new trial was overruled, and he excepted. The loan deed was made in 1922. The taxes involved were for 1925, 1926, and 1927. The question is, was the land covered by the loan deed subject to these taxes, they having accrued against a large body of land, and the portion levied on having been alienated by the security deed in 1922, the remainder being sold later? The tax fi. fas. were issued against the owner of the entire tract as it existed before the date of the security deed. The motion for new trial was based upon the general grounds, and because the court erred in directing the verdict.

1. "Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him shall be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels shall be charged in the inverse order of their alienation." Code of 1910, § 6029; Code of 1933, § 39-118. See also Code of 1910, § 6048; Code of 1933, § 39-602.

2. Whether or not the land which remained after the sale of the portion levied on for taxes was sufficient to pay the taxes, is a question which was not presented.

3. It is immaterial whether the contract releasing from liability for tax liens the portion of the land remaining after the execution of the security deed in 1922 was without consideration.

4. The general rule is that a court of equity will not interfere with a levy for taxes. Code of 1910, § 1163; Code of 1933, § 92-7901. In this case, however, there was no demurrer to the petition, nor was that issue raised in any other way, the only exception being to the overruling of the motion for a new trial. It is well settled that the sufficiency of a petition to set out a cause of action can not be raised by a motion for a new trial. *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280); *Davis* v. *Metropolitan Life Insurance Co.*, 161 *Ga.* 568 (131 S. E. 490).

5. The court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*