24874. HUSON *et al. v.* FARMER.

DECIDED MARCH 10, 1936. REHEARING DENIED MARCH 31, 1936.

*W. D. Lanier,* for plaintiffs in error. *C. C. King,* contra.

STEPHENS, J. This was an application to the ordinary of Newton County for an order to remove obstructions from a private way, claimed by the applicant as a right by prescription. The ordinary, after hearing evidence and viewing the premises, granted the order. The defendants carried the case by certiorari to the superior court. In the petition to have the obstructions removed it was alleged that "petitioner and her predecessors in title has been in constant and uninterrupted use for more than seven years of a permanent private road over said land above described not exceeding fifteen feet in width, and no legal steps have been taken to abolish the same." The defendants, who are the plaintiffs in error now, claim that this petition was fatally defective and that the judgment thereon is invalid because it was not alleged in the petition that the land over which the right of way was claimed was improved land, and that the way had been kept open and in repair during the seven years. These objections were not raised by demurrer or motion to dismiss before the ordinary, nor were they raised in the petition for certiorari. These objections to the pleading can not now be urged. *Kirkland* v. *Pitman,* 122 *Ga.* 256 (50 S. E.

117). There was testimony tending to prove every essential of a private way by prescription. The fact that the land was a city lot abutting on a street seems sufficient to stamp it as improved land; but there was also testimony that it had been cultivated. It could not be classed as wild land. There is ample evidence that the way was kept open and in repair for more than seven years. One witness testified to a period of nineteen years. The inference is that the persons who used the way kept it open and in repair. The ordinary inspected the alleged way, and reported in his answer what he observed. He heard the witnesses and found in favor of the petitioner.

The plaintiff by reason of having included the land on which the alleged alley or way is located in the description of land leased by the plaintiff to a lessee in a lease of lands of the plaintiff abutting on the alley or way, is not estopped from asserting her right to force the defendants to remove the obstruction.

The judge of the superior court affirmed the judgment of the ordinary, and no legal reason appears why this judgment should be set aside. *Franklin* v. *Wesley,* 73 *Ga.* 145; *Everedge* v. *Alexander,* 75 *Ga.* 858 (5).

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

### ON MOTION FOR REHEARING.

Counsel for the plaintiff in error, in a motion for rehearing, contends that this court, in holding that the insufficiency of the petition in failing to allege that the right of way had been kept open and in repair for seven years and was over improved land could not be inquired into since the insufficiency of the petition in this respect was not made by demurrer or motion to dismiss or in the petition for certiorari, overlooked the rule laid down in *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) and other authorities which hold that the insufficiency of a petition to set out a cause of action may be reached by a direct bill of exceptions, notwithstanding there has been no demurrer to the petition or motion to dismiss it for failure to set out a cause of action. Counsel contends that where the petition is defective in that it fails to contain allegations of the facts essential to constitute a cause of action the defects are jurisdictional, and that since it appears on the face of the record that the plaintiff is not entitled to recover as a matter of law, the appellate court is bound as a matter of law to notice such defects

and that "no assignment of error is necessary to bring such juris-dictional defects, as above stated, to the appellate court's attention." While it is true that the legal sufficiency of the petition, where the petition fails to set out a cause of action and the plaintiff on the whole case is not entitled to recover, may be raised for the first time in a direct bill of exceptions, it does not follow that this can be done in the absence of proper assignments of error in the bill of exceptions. In the present case the petition for certiorari in which the judgment of the ordinary is excepted to is to all intents and purposes a direct bill of exceptions. It is expressly provided in sections 19-201; 19-203; 19-402; 6-901; 6-1607; 24-3608; 24-4506 of the Code of 1933 that no questions are presented for decision by the reviewing court, whether in a petition for certiorari in the superior court or in a bill of exceptions in the Court of Appeals, unless such questions are raised by special assignments of error.

Counsel for the plaintiff in error contends that the insufficiency of the petition may be reached on direct exceptions, as in this case in the petition for certiorari, on "the general assignments of error." In motions for new trial the insufficiency of the petition can not be reached by an exception to the sufficiency of the evidence. *Gunn* v. *Johnson*, 29 *Ga. App.* 610 (116 S. E. 921), and cit. There is no reason why the same rule should not apply as respects an assignment of error in a direct bill of exceptions. Where the plaintiff's failure to recover is dependent, not upon the insufficiency of the evidence, but upon the insufficiency of the petition, manifestly an assignment of error, even in a direct bill of exceptions in which the insufficiency of the petition can be reached, which excepts only to the sufficiency of the evidence and does not except to the sufficiency of the petition, is insufficient to present for decision any question respecting the insufficiency of the petition to set out a cause of action. It would be otherwise perhaps if it appeared affirmatively from the petition that the plaintiff was not entitled to recover. See *Turner* v. *Fuller*, 39 *Ga. App.* 184 (146 S. E. 494); *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (7) (116 S. E. 922). In the present case the objection urged to the petition is not that it affirmatively shows no right in the plaintiff to recover, but that it fails to contain allegations of facts essential to the plaintiff's right to recover. This defect in the petition can not be reached by an assignment of error in the petition for certiorari

which excepts to the sufficiency of the evidence. The only assignments of error in the petition for certiorari in this case are the so-called general assignments of error which relate only to the sufficiency of the evidence to support the finding or judgment of the ordinary. In these assignments of error the exceptions are to the judgment of the ordinary because the same "is contrary to the law and the evidence and without evidence to support it," to the judgment of the ordinary upon the ground that the judgment is "contrary to the law and the evidence and without evidence to support it," "is contrary to law and the principles of justice and equity," that the "evidence introduced in this case demanded a judgment as a matter of law in behalf of the defendants in the above stated case and demanded a judgment finding against the prayers of plaintiff's petition and in favor of the defendants," that the ordinary erred in not finding for the defendants. In none of these assignments of error is there any exception to the petition as being insufficient to set out a cause of action or to authorize a recovery for the plaintiff. The sufficiency of the petition is not reached by the assignment of error in the petition for certiorari that the judgment of the ordinary "is contrary to law." In *Taft Co.* v. *Smith,* 112 *Ga.* 196 (37 S. E. 424) it was held that an assignment of error in a petition for certiorari that the judgment complained of "was contrary to law, truth, and justice," was not a "ground of error . . distinctly set forth in the petition," as required by law (Code 1933, § 19-402) for assignments of error in a petition for certiorari. See also *Roberts* v. *Keeler,* 111 *Ga.* 181 (6) (36 S. E. 617); *Napier* v. *Burkett,* 113 *Ga.* 607 (3) (38 S. E. 941). The petition for certiorari therefore presents for decision no question respecting the insufficiency of the petition.

Anything in the bill of exceptions in which the judgment of the superior court in overruling the defendant's petition for certiorari is excepted to, which might be construed as assignments of error raising the question of the insufficiency of the petition, can not be considered. The bill of exceptions, in excepting only to the judgment overruling the certiorari, can not present for decision by this court any question which is not presented for decision in the petition for certiorari. The motion for rehearing is denied.