## 33617.  SIMMONS *v.* NOBLE.

DECIDED JUNE 29, 1951.

256

*McCall & Griffis,* for plaintiff in error.

*Hugh D. Wright,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▇ Under Code § 3-113, claims ex contractu may be joined in the same action, and claims ex delicto may be joined in like manner. Except as to certain equitable defenses, however, ex delicto and ex contractu claims may not be joined. Further, where a cause of action is ex delicto in nature, a verdict in favor of the plaintiff is not supported by proof which relates to a cause of action arising ex contractu, even though the proof refers to the same transaction and the plaintiff, had he sued in contract, might have recovered thereon. See *Brooke* v. *Cole,* 108 *Ga.* 251 (33 S. E. 849). However, where a cause of action such as is set out in this petition contains elements both of tort and contract, the court should adopt that construction which will sustain the cause of action and reject that construction which will defeat it. See *Render & Hammett* v. *Hartford Fire Insurance Co.,* 33 *Ga. App.* 716 (4) (127 S. E. 902); *Citizens & Southern Bank* v. *Union Warehouse &c. Co.,* 157 *Ga.* 434 (7) (122 S. E. 327); *Chattanooga, Rome & Columbus R. Co.* v. *Palmer,* 89 *Ga.* 161 (1) (15 S. E. 34). And this is especially true where no general demurrer is filed, and where the defects in the petition are amendable and aided by verdict. *Austin* v. *Ferst's Sons Company,* 2 *Ga. App.* 91 (1) (58 S. E. 318); *Clark* v. *Harper,* 20 *Ga. App.* 817 (4) (93 S. E. 539); *Huson* v. *Farmer,* 53 *Ga. App.* 131 (185 S. E. 119). The plaintiff here alleges that the defendant's employee, driving the defendant's truck, wrongfully ran into and damaged the plaintiff's automobile which was parked by the side of the road, a cause of action sounding in tort, but he appears to have

made these allegations merely by way of inducement to the contract which he sets up thereafter and on which he sues, to the effect that the parties thereafter entered into an agreement by which the defendant obligated himself to have the automobile repaired, which obligation he later repudiated. Both from the pleadings and the evidence it appears that the plaintiff was relying exclusively upon a breach of contract, and for this reason the case will be so dealt with here.

■ ■ Code § 20-301 provides in part as follows: "A consideration is essential to a contract which the law will enforce." Code § 20-302 provides as follows: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." The only consideration alleged for the contract as delineated in the petition was the right given to the defendant to designate the garage at which he was to have the car repaired. It was not attempted to be shown that there was any further consideration, such as, for example, an offer on the part of the plaintiff to refrain from suing the defendant, or a compromise as to the amount of money to be paid. If the defendant was not otherwise obligated to repair the vehicle, a mere choice of the place where he would have it repaired does not appear to be such a consideration as would confer any benefit upon the defendant, or any injury to the planitiff. Thus construed, the alleged agreement to have another's car repaired at the defendant's expense would be nudum pactum and unenforceable. Where a petition shows on its face that the plaintiff would in no event be entitled to recover, an exception to the verdict on the ground that it is contrary to law and the evidence and without evidence to support it must be sustained. *Turner* v. *Fuller,* 39 *Ga. App.* 184 (146 S. E. 494) ; *New Zealand Fire Insurance Co.* v. *Brewer,* 29 *Ga. App.* 773 (6, 7) (116 S. E. 922) ; *Powers* v. *Wren,* 198 *Ga.* 316, 322 (31 S. E. 2d, 713). It would thus appear that the petition, construed as sounding in contract, sets out an agreement which was merely nudum pactum and affirmatively shows no right in the plaintiff to recover. It is unnecessary to decide this point, however, since upon the trial of the case no evidence whatever was offered that the defendant accepted his right to designate the garage as a consideration for repairing the car. On the contrary, both

parties testified (although this testimony was repudiated by the plaintiff on re-direct examination) that the true consideration for the agreement to repair the car was the plaintiff's promise to the defendant not to have the defendant's employee, Jackson, prosecuted in connection with the wreck, but that Jackson was in fact prosecuted, as a result of which he left the defendant's employment, causing the latter to lose his services. Thus considered, the contract was entered into for an illegal consideration and was unenforceable as contravening public policy. For these reasons a reversal of the case is demanded. See Code, § 20-501; *William Hester Marble Co.* v. *Walton*, 22 *Ga. App.* 433 (1) (96 S. E. 269). No other consideration was shown. Accordingly, the evidence in this case fails to sustain the verdict under the theory that the action was brought ex contractu upon an agreement entered into between the plaintiff and the defendant subsequent to the wreck.

■ If the petition could be construed as sounding in tort, the two special grounds of the defendant's motion for a new trial would equally require a reversal. The second special ground contends that the trial court erred, while charging the contentions of the parties, in failing to charge the jury as to the defendant's contention set out in paragraph 5 of the answer that the driver, Jackson, although an employee, took his truck on the day in question without his knowledge or consent for his own personal business, and that he was not engaged on any business for the defendant at the time of the wreck. The first special ground complains of the exclusion of evidence offered in support of this plea. Had the action been in fact one sounding in tort for injuries allegedly caused by the defendant's servant, the exclusion from the jury's consideration of a plea and evidence thereunder tending to show that he was not liable under the doctrine of respondeat superior would, of course, have been harmful and prejudicial in the extreme. However, the rejection of this evidence and the failure to charge the jury as to the defendant's contention in this respect indicate that the trial court also treated the case as one sounding in contract.

The trial court erred in overruling the motion for a new trial for the reasons set forth in division two hereof.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*