34174. McGOWAN *v.* CAMP.

Decided February 28, 1953.

*Erwin, Nix, Birchmore & Epting,* for plaintiff in error.

*A. M. Kelly, Milner & Stephens,* contra.

SUTTON, C. J.  One riding by invitation and gratuitously in another's automobile cannot recover for injury caused by the other's negligence in operating the automobile unless it amounts to gross negligence.  Our Code defines gross negligence in these terms: "Slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances . . the absence of such care is termed gross negligence."  Code, § 105-203.  Ordinary negligence, gross negligence, and contributory negligence are questions of fact and not of law and are, as a rule, to be determined by a jury.

It appears from the evidence that Mrs. McGowan, wife of the defendant, and Mrs. Camp, wife of the plaintiff, together with their children, were traveling in the defendant's automobile from Monroe, Georgia, to Hinesville, Georgia, Mrs. Camp being a guest in the car.  The children were restless and irritable, and were on the back seat part of the time and on the front seat part of the time.  Mrs. Camp and Mrs. McGowan had, at different times, been correcting their children, and Mrs. McGowan had several times, while driving, looked back to where her son was on the back seat in correcting him.  Before the accident happened, Mrs. Camp had taken her four-year-old son in her lap on the front seat, and Mrs. McGowan had placed her four-year-old son by her side on the front seat.  Some disturbance was taking place between these two children when Mrs. McGowan, in endeavoring to correct her son, took her right hand off of the steering wheel and took her eyes off of the road and looked down by her side to see her son's leg, so as to strike his leg with her hand in correcting him.  The automobile was running from 45 to 50 miles per hour at that time, and it ran off of the right-hand side of the road, causing Mrs. McGowan to lose control of the car; and it then went back across the road and ran off of the road on the left-hand side, turned over three times and was wrecked, which resulted in serious injuries to Mrs. Camp.  Mrs. McGowan testified that she did not

think it could have been over two seconds that she took her eyes off of the road and looked down to strike her son's leg. But, with the car running at 50 miles per hour, it would have traveled approximately 150 feet in two seconds. In other words, there was an automobile running at 50 miles per hour and traveling approximately 150 feet without the driver seeing where it was going, and during that time it ran out of the road and was wrecked as above stated, thereby causing the serious injuries to the plaintiff's wife. It is not even questioned that this conduct of the defendant's wife was responsible for the wreck and the injuries to the plaintiff's wife. In these circumstances, could not a jury properly say that Mrs. McGowan was guilty of gross negligence? We think so.

This case is distinguishable from *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256), where the defendant scraped another car in passing and in the emergency and excitement incident thereto glanced back at the other car and lost control of her own car; and from *Tucker* v. *Andrews*, 51 *Ga. App.* 841 (181 S. E. 673), where a milk bottle was turned over by a child on the back seat of an automobile, and the defendant, in response to the exclamation of the child, obeyed a sudden impulse and looked back. In the present case, it appears that the children had been misbehaving for some time, and that the defendant deliberately took her hand off of the wheel and looked down at the leg of her son so as to spank him on the leg. This was an intentional and deliberate act on her part, as distinguished from the sudden and involuntary acts of the defendants in the two cases just referred to.

It was said in *Jordan* v. *Lee*, 51 *Ga. App.* 99 (3) (179 S. E. 739): "It has been held that where one driving an automobile is so inattentive as to look to the side and not keep a constant lookout ahead, when there is an object in his path which is clearly visible that he might run into, a jury would be authorized to find that he was guilty of gross negligence." In *Pitcher* v. *Curtis*, 43 *Ga. App.* 622, 624 (159 S. E. 783), which was based on gross negligence, the petition alleged, among other things, that the driver "carelessly and negligently turned her head and eyes away from the direction in which she was traveling and looked to her left rear towards the filling station, and while in

this careless and negligent inattention, suddenly and with great violence collided with another automobile which was proceeding slowly in the same direction in which the defendant's car was traveling." The petition in that case was dismissed on general demurrer, and this court reversed that judgment and said: "The present case is distinguished from the case of *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256), in which it appeared that in an emergency and under the sudden excitement attendant upon scraping another car, and in view of an admonition which was then uttered by the plaintiff, the defendant obeyed the promptings of a natural and humane instinct by momentarily glancing back at the other car, and in doing so lost control of her own vehicle and thus caused it to run off an embankment"; and also stated: "A slight difference in facts may work a very material difference in the legal result, and this is especially true in tort cases. When it is considered that the automobile in this case was running at a speed of 66 feet per second [45 miles per hour], the importance of looking constantly ahead and the seriousness of a failure to do so will immediately appear."

It was a question for the jury to determine whether the defendant was guilty of gross negligence, and they did so by finding a verdict in favor of the plaintiff and against the defendant. Their verdict was approved by the trial judge, who, along with the jury, heard all of the evidence in the case. The evidence makes substantially the same case as was made by the petition, which was not demurred to. It is a well-settled principle of law that, after a verdict is found, the evidence is construed most favorably to the prevailing party, for every presumption and inference is in favor of the verdict. This is not one of those plain and indisputable cases where the court should attempt to solve the question as a matter of law.

This case was considered by the court as a whole.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur. Felton and Worrill, JJ., dissent.*

WORRILL, J., dissenting. I dissent from the majority opinion and judgment of affirmance for the reasons hereinafter stated. I recognize the general rule that questions of negligence, diligence, cause and proximate cause, and also of gross negligence

and slight diligence are ordinarily questions for the jury, and that such questions will not be decided by this court on appeal except in plain, palpable, and indisputable cases. However, I think that this is such a plain and indisputable case. That the plaintiff's wife rode in the defendant's automobile as a guest within the meaning of our law, and that, as such, the plaintiff must show gross negligence on the part of the defendant's wife (the driver of the automobile) before he can recover for the injuries to his wife, is recognized by both the plaintiff and the defendant. See *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297). Conversely, such being the facts and the law, the defendant's wife was bound to exercise only slight diligence with respect to the plaintiff's wife. Slight diligence is defined as "that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. . . The absence of such care is termed gross negligence." Code, § 105-203.

The facts in this case show simply that the defendant's wife, while driving her automobile along a straight paved highway in clear weather at a speed of 45 or 50 miles per hour, momentarily took her eyes from the road in order to slap her small son on the leg for misbehavior; that at the most she looked away from the road for two seconds, during which time the car traveled perhaps 150 feet, and that she ran off the paved portion of the road to the right, and in attempting to get the automobile back onto the road she lost control and ran off the road to the left, the automobile turning over three times and injuring the plaintiff's wife. The only act of negligence complained of which immediately preceded the injury, and which could have had any causal connection with it, was the defendant's wife's action in momentarily taking her eyes from the road while driving at 50 miles per hour.

In *Tucker* v. *Andrews*, 51 *Ga. App.* 841, 845 (181 S. E. 673), on motion for rehearing, Judge MacIntyre, in further defining the term "gross negligence," said, quoting from Shaw *v.* Moore, 104 Vt. 529 (162 Atl. 373): " 'Gross negligence is equivalent to the failure to exercise even a slight degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an

aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man. But, it falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from wilful and intentional conduct which is or ought to be known to have a tendency to injure.'" And further, in quoting from Anderson *v.* Olson, (Vt.) 169 Atl. 781, Judge MacIntyre said: "'Automobile driver's mere error in judgment, momentary inattention, or loss of presence of mind, does not indicate such indifference to duty owed guests or forgetfulness of latter's safety as to authorize guest's recovery for the resulting injuries on the ground of gross negligence. . . There must be something more than an error in judgment, momentary inattention, or loss of presence of mind, in circumstances such as these, in order that there may be indicated an indifference to the duty owed to a guest or an utter forgetfulness of his safety.'"

In *Capers v. Martin,* 54 *Ga. App.* 555 (188 S. E. 465), it was held that there is an exception to the general rule that it is for the jury to say whether the driver of an automobile is grossly negligent in failing to keep a constant lookout ahead, where the driver in looking aside or away from the road does so in response to some sudden, natural, human impulse or emergency, with only momentary or very brief turning of the head backward or aside. This exception seems to have been recognized and applied in *Harris v. Reid,* 30 *Ga. App.* 187 (117 S. E. 256), where the defendant, in passing an automobile on the highway, scraped fenders, and upon being admonished by the plaintiff from the rear seat to "look out" turned her head, and while it

was so turned ran the automobile off the road into a ditch, injuring the plaintiff; and in *Tucker* v. *Andrews,* supra, where the defendant was driving her automobile at not less than 25 miles per hour with the plaintiff on the front seat and her two children on the back seat when, after passing over a bridge, she was informed by one of the children that a bottle of milk on the floor in the rear had turned over, she looked back for 3 or 4 seconds and the automobile collided with a telegraph pole on the side of the road, injuring the plaintiff. In all three of these cases this court held in effect that the mere turning of the head and eyes from the road, particularly where done in response to a natural human impulse or emergency, was not gross negligence, so as to authorize, on that ground alone, a finding that the defendant was grossly negligent.

I think that the facts of this case place it squarely within the stated exception; that the defendant's wife's action in taking her eyes from the road to punish her child whose actions manifestly were annoying her and hindering her safe handling of the automobile, and where no danger of collision was shown, was a natural human impulse or reaction to the conduct of her child, a mere error in judgment or momentary inattention on her part; that there was no act or omission respecting a legal duty on her part of an "aggravated character"; and that as a matter of law she was not guilty of the want of even scant care or guilty of an utter forgetfulness of her legal obligations to the plaintiff's wife; in short, that she was, as a matter of law, not shown to have been guilty of gross negligence proximately causing the injuries to the plaintiff's wife. Under these circumstances, the evidence did not authorize the verdict and the trial court erred in overruling the motion for a new trial.

This is not to say that the petition did not allege a cause of action. That question is not properly before this court upon the consideration of the general grounds of the motion for new trial. *Mayor &c. of Griffin* v. *Johnson,* 84 *Ga.* 279 (6) (10 S. E. 719); *Twilley* v. *Twilley,* 195 *Ga.* 291 (1) (24 S. E. 2d, 41); *Gunn* v. *Johnson & Co.,* 29 *Ga. App.* 610 (1) (116 S. E. 921). However, it is a far cry from the driver's diverting her attention from the road long enough to give her child a *spanking* (as alleged in the petition) to a mere glance away from the road

of not more than two seconds to fix in her mind the location of her child's leg so as to administer a slap, which slap was never in fact administered (as was shown by the evidence). The plaintiff did not prove his case as laid in the petition.

*Felton, J., concurs in the foregoing dissent.*